UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHIZOBA C. NWOYE,**

    **Plaintiff,**

v.     **CASE NO.:**

**FLORIDA HOSPITAL ZEPHYRHILLS, INC.**
**d/b/a AdventHealth Zephyrhills,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHIZOBA C. NWOYE (hereinafter "Ms. Nwoye" or "Plaintiff"), by and through undersigned counsel, hereby brings this action against Defendant, FLORIDA HOSPITAL ZEPHYRHILLS, INC. d/b/a AdventHealth Zephyrhills (Hereinafter "AHZ" or "Defendant"). In support of her claims, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1.  This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida

Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 due to Defendant's unlawful employment practices.

2. Venue is proper in this Court because all the events giving rise to these claims occurred in Pasco County, Florida.

## PARTIES

3. Plaintiff is an African America female resident of Tampa, Hillsborough County, Florida.

4. Defendant is a Florida Not for Profit Corporation with its principal Corporate Headquarters located at 7050 Gall Boulevard, Zephyrhills, Florida 33541.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA, Fla. Stat. Section 760.02(7).

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA, Fla. Stat. Section 760.02(7).

## FACTUAL ALLEGATIONS

10. On January 25, 2021, AHZ employed Ms. Nwoye as a part-time pharmacist. Ms. Nwoye worked in this capacity, as the only Black pharmacy employee for AHZ, until her unlawful termination on January 18, 2022.

11. As a pharmacist, her responsibilities included: overseeing appropriate utilization of medication automation, technology, and computer systems; accurately overseeing the management of medication inventories and the preparation and dispensing of patient specific medication doses; completing critical medication order scrutiny, drug profile review, and patient monitoring to identify, prevent, or mitigate medication-related problems; Proficiently verifying/entering medication orders and proactively communicating with medical staff to resolve problem medication orders; and providing patient centered care services.

12. During her employment, Ms. Nwoye performed her job duties at an optimal level with a positive outlook and constant smile which contributed to a positive work environment.

13. However, on September 16, 2021, despite this overall perception of Ms. Nwoye's work performance, Mr. Alexander presented Ms. Nwoye with three back dated disciplinary action forms designated as "Final Written Documentation Warning" related to alleged policy violations that had occurred on August 28, 2022, and August 29, 2022.

14. In addition to the alleged actions themselves being from two weeks prior, Ms. Nwoye let Mr. Alexander know that she felt that this documentation violated AHZ's progressive discipline policy as she had never received any verbal warnings or coaching regarding possible policy violations.

15. Due to the perceived violation of AHZ's progressive discipline policy, Ms. Nwoye told Mr. Alexander that she did not want to sign the documentation until she spoke to a member of AHZ's human resources department. Mr. Alexander tried to assure Ms. Nwoye that that the documentation was "no big deal" stating, "people get written up all the time as a means of improving overall performance and that it will drop off your file in a year."

16. Mr. Alexander's reassurance did not satisfy Ms. Nwoye's request, and she again asked to speak to a member of AHZ's human

resources department.

17. Mr. Alexander provided Ms. Nwoye with Telina Dowdell's email information, requested that Ms. Nwoye copy him on any communications with Ms. Dowdell, and let Ms. Nwoye know that he believed that errors were inevitable and addressing them with Final Written Documentation Warnings is not meant to be punitive but to optimize patient outcomes.

18. Again, not satisfied with Mr. Alexander's explanation, Ms. Nwoye emailed Ms. Dowdell her concerns regarding the apparent failure to follow AHZ's progressive discipline policy which had always been followed when addressing Caucasian employees. Unfortunately, Ms. Dowdell never responded to Ms. Nwoye's email.

19. On January 18, 2022, Alan Brenia, Pharmacy Director at Adventist Health System, presented Ms. Nwoye with a notice of termination related to three alleged events that occurred in December 2021.

20. Again, just as the case on September 16, 2021, Ms. Nwoye never received and verbal coaching or counseling related to any of these alleged events.

21. Despite Mr. Brenia failing to follow AHZ's progressive

discipline policy regarding the termination of Ms. Nwoye's employment he frequently went out of his way to protect the jobs of his Caucasian employees. Particularly, Mr. Brenia turned a blind eye to any policy violations committed by Patricia Beard or Christy Reid. To make matters worse, whenever policy violations by either Ms. Beard or Ms. Reid were brought to the attention of Mr. Alexander, Mr. Alexander would simply reply that they were hired by Mr. Brenia so they cannot be disciplined.

## COUNT I – TITLE VII VIOLATION
## (RACE DISCRIMINATION)

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a member of a protected class under Title VII.

24. Defendant's aforementioned conduct subjected Plaintiff to disparate treatment based on her race.

25. Defendant subjected Plaintiff to harassment that was sufficiently severe or pervasive enough to alter the terms and conditions of Plaintiff's employment with Defendant as Defendant terminated Plaintiff's employment due to her race.

26. Defendant knew or should have known of the disparate

treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Prejudgment interest on all monetary recovery obtained.

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as this Court deems just and

equitable.

## COUNT II
## TITLE VII – RETALIATION

29. Plaintiff re-alleges and re-adopts paragraphs 1 through 21 of this Complaint as if fully set forth herein.

30. Plaintiff brings an action under Title VII for Defendant's unlawful retaliation.

31. Plaintiff is an African American female.

32. During her employment at AHZ, Mr. Alexander, the Pharmacy Manager, subjected Plaintiff to different terms and conditions of employment, harassment, and treatment based on Plaintiff's race.

33. Plaintiff was the only Black pharmacy employee for AHZ.

34. On September 16, 2021, Mr. Alexander presented Ms. Nwoye with three back dated disciplinary action forms designated as "Final Written Documentation Warning" related to alleged policy violations that had occurred on August 28, 2022, and August 29, 2022

35. Ms. Nwoye let Mr. Alexander know that she felt that this documentation violated AHZ's progressive discipline policy as she had

never received any verbal warnings or coaching regarding possible policy violations.

36. Due to the perceived violation of AHZ's progressive discipline policy, Ms. Nwoye told Mr. Alexander that she did not want to sign the documentation until she spoke to a member of AHZ's human resources department.

37. Mr. Alexander provided Ms. Nwoye with Telina Dowdell's email information, requested that Ms. Nwoye copy him on any communications with Ms. Dowdell, and let Ms. Nwoye know that he believed that errors were inevitable and addressing them with Final Written Documentation Warnings is not meant to be punitive but to optimize patient outcomes.

38. Again, not satisfied with Mr. Alexander's explanation, Ms. Nwoye emailed Ms. Dowdell her concerns regarding the apparent failure to follow AHZ's progressive discipline policy which had always been followed when addressing Caucasian employees. Unfortunately, Ms. Dowdell never responded to Ms. Nwoye's email.

39. On January 18, 2022, Alan Brenia, Pharmacy Director at Adventist Health System, presented Ms. Nwoye with a notice of termination related to three alleged events that occurred in December 2021.

40. Again, just as the case on September 16, 2021, Ms. Nwoye never received and verbal coaching or counseling related to any of these alleged events.

41. Despite Mr. Brenia failing to follow AHZ's progressive discipline policy regarding the termination of Ms. Nwoye's employment he frequently went out of his way to protect the jobs of his Caucasian employees. Particularly, Mr. Brenia turned a blind eye to any policy violations committed by Patricia Beard or Christy Reid. To make matters worse, whenever policy violations by either Ms. Beard or Ms. Reid were brought to the attention of Mr. Alexander, Mr. Alexander would simply reply that they were hired by Mr. Brenia so they cannot be disciplined..

42. Plaintiff's termination is a retaliatory action taken by Defendant against Plaintiff in clear violation of Title VII.

43. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental

anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

  *WHEREFORE*, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

    (c) An injunction restraining continued violation of Title VII by Defendant;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Any other compensatory damages, including emotional distress, allowable at law;

    (f) Prejudgment interest on all monetary recovery obtained.

    (g) All costs and attorney's fees incurred in prosecuting these claims; and

    (h) For such further relief as this Court deems just and

equitable.

## COUNT III – FCRA VIOLATION
**(RACE DISCRIMINATION)**

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

45. Plaintiff is an African American woman and as such, member of a protected class under the FCRA.

46. Plaintiff was subjected to disparate treatment on account of her race by Defendant's aforementioned conduct.

47. Defendant subjected Plaintiff to harassment that was sufficiently severe or pervasive enough to alter the terms and conditions of Plaintiff's employment with Defendant as Defendant terminated Plaintiff's employment based on her race.

48. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

*WHEREFORE*, Plaintiff demands:

(i) A jury trial on all issues so triable;

(j) That process issue and this Court take jurisdiction over the case;

(k) Compensation for lost wages, benefits, and other remuneration;

(l) Any other compensatory damages, including emotional distress, allowable at law;

(m) Prejudgment interest on all monetary recovery obtained.

(n) All costs and attorney's fees incurred in prosecuting these claims; and

(o) For such further relief as this Court deems just and equitable.

## COUNT IV
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### IN RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

51. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 as though fully set forth herein.

52. Plaintiff brings an action under the Florida Civil Right Act 1992, § 760.01, *et al* for Defendant's treatment of her which created a Hostile Work

Environment due to her complaints about racial discrimination which resulted in her termination.

53. Plaintiff is an African American female.

54. During her employment at AHZ, Mr. Alexander, the Pharmacy Manager, subjected Plaintiff to different terms and conditions of employment, harassment, and treatment based on Plaintiff's race.

55. Plaintiff was the only Black pharmacy employee for AHZ.

56. On September 16, 2021, Mr. Alexander presented Ms. Nwoye with three back dated disciplinary action forms designated as "Final Written Documentation Warning" related to alleged policy violations that had occurred on August 28, 2022, and August 29, 2022

57. Ms. Nwoye let Mr. Alexander know that she felt that this documentation violated AHZ's progressive discipline policy as she had never received any verbal warnings or coaching regarding possible policy violations.

58. Due to the perceived violation of AHZ's progressive discipline policy, Ms. Nwoye told Mr. Alexander that she did not want to sign the documentation until she spoke to a member of AHZ's human resources department.

59. Mr. Alexander provided Ms. Nwoye with Telina Dowdell's email information, requested that Ms. Nwoye copy him on any communications with Ms. Dowdell, and let Ms. Nwoye know that he believed that errors were inevitable and addressing them with Final Written Documentation Warnings is not meant to be punitive but to optimize patient outcomes.

60. Again, not satisfied with Mr. Alexander's explanation, Ms. Nwoye emailed Ms. Dowdell her concerns regarding the apparent failure to follow AHZ's progressive discipline policy which had always been followed when addressing Caucasian employees. Unfortunately, Ms. Dowdell never responded to Ms. Nwoye's email.

61. On January 18, 2022, Alan Brenia, Pharmacy Director at Adventist Health System, presented Ms. Nwoye with a notice of termination related to three alleged events that occurred in December 2021.

62. Again, just as the case on September 16, 2021, Ms. Nwoye never received and verbal coaching or counseling related to any of these alleged events.

63. Despite Mr. Brenia failing to follow AHZ's progressive discipline policy regarding the termination of Ms. Nwoye's employment he

frequently went out of his way to protect the jobs of his Caucasian employees. Particularly, Mr. Brenia turned a blind eye to any policy violations committed by Patricia Beard or Christy Reid. To make matters worse, whenever policy violations by either Ms. Beard or Ms. Reid were brought to the attention of Mr. Alexander, Mr. Alexander would simply reply that they were hired by Mr. Brenia so they cannot be disciplined.

64. Defendant is liable for retaliation alleged herein. These action all adversely affected the terms and conditions of Plaintiff's employment in violation of the FCRA.

65. As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation, privileges, and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff respectfully invokes the remedial powers of this Court provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

    (a) Preliminarily and permanently enjoining and restraining

Defendant from engaging in acts of discrimination against Plaintiff;

    (b)    Back pay;

    (c)    Front pay;

    (d)    Compensatory damages against Defendant;

    (e)    Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant; and

    (f)    Reasonable attorney's fees and cost incurred in this action as provided in Section 760.11 (5), Florida Statutes.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 3rd day of February 2023.

                                                */s/ Jason W. Imler, Esq*
                                                Jason W. Imler
                                                Florida Bar No. 1004422
                                                Brian T. Gruber, Esq.
                                                Florida Bar No. 1027865
                                                **Imler Law**
                                                23110 State Road 54, Unit #407
                                                Lutz, Florida 33549
                                                (P): 813-553-7709
                                                Jason@ImlerLaw.com
                                                Brian@ImlerLaw.com